Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GPS OF NEW JERSEY MD, P.C. A/S/O M.K.,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>AETNA, INC., AETNA LIFE INS. CO. AND ITS AFFLIATES,<br><br>　　　　　　Defendants. | Civil Action No.: 22-05487 (ES) (JSA)<br><br>OPINION |

SALAS, DISTRICT JUDGE

　　Plaintiff GPS of New Jersey, MD P.C. ("Plaintiff" or "GPS") initiated this action against Defendants Aetna, Inc. and Aetna Life Insurance Company and its affiliates (collectively, "Defendants") seeking to vacate an arbitration award entered pursuant to the No Surprises Act, 42 U.S.C. § 300ggg-111, and have this matter remanded back to the arbitrator for reconsideration. (D.E. No. 1 ("Complaint" or "Compl.")). Before the Court is Defendants' joint motion to dismiss Plaintiff's Complaint. (D.E. No. 26). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). As discussed below, the Court construes Plaintiff's Complaint as a motion to vacate the arbitration award, **DENIES** this request, and **DISMISSES** Plaintiff's Complaint *with prejudice*.

1

I.  **BACKGROUND**

  A.  **Factual Background**

On February 9, 2022, Plaintiff, a medical practice, provided emergency plastic surgery services to a patient (hereinafter ("Patient")). (Compl. at 1 ¶ 1 & 2 ¶ 1).[1] Specifically, a physician in Plaintiff's practice repaired a 1.2 cm cheek laceration on the Patient. (Mov. Br. at 16). Thereafter, Plaintiff submitted a bill for the rendered services to Defendants, who paid in-part. (Compl. at 2 ¶ 2). Given that Plaintiff is an out-of-network provider with respect to Defendants, and the rendered services were emergency and/or surprise in nature, Defendants' partial payment was subject to a dispute, negotiation, and arbitration process under the No Surprises Act. (*Id*. at 2 ¶ 3). After the parties engaged in an unsuccessful negotiation pursuant to the No Surprises Act, Plaintiff filed for arbitration. (*Id*. ¶ 5). MCMC Services, LLC ("MCMC") was appointed as the Independent Dispute Resolution ("IDR") arbitrator. (*Id*. ¶ 6). The parties engaged in a "baseball-style" arbitration whereby each party submitted a final offer for MCMC to pick between. (*Id*. ¶ 7). On June 10, 2022, MCMC selected Defendants' final offer "as the more appropriate out-of-network rate." (*Id*. ¶ 8; D.E. No. 1-3, Exhibit A ("Arb. Dec.")).

  B.  **Procedural Posture**

On September 10, 2022, Plaintiff initiated this action to vacate the arbitration award and remand the matter back to MCMC for reconsideration pursuant to section 10(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a). (Compl. at 4). Plaintiff alleges that deficiencies in MCMC's decision prejudiced Plaintiff such that it is entitled to vacatur of the arbitration award.

---

[1] The Complaint contains two sets of numbered paragraphs 1–4. First, on page one of the Complaint, under the subheading, "The Parties," the Complaint provides numbered paragraphs 1–4. Second, on page two of the Complaint, under the subheading "Anatomy of the Claim," the Complaint provides numbered paragraphs beginning again with paragraph 1. Thereafter, all paragraphs continue consecutively throughout the Complaint. For ease of reference, when citing to paragraphs 1–4 of the Complaint, the Court additionally provides the page number. For paragraphs 5–18, which are not repeated, the Court provides only the paragraph number.

2

(*Id*. ¶¶ 15–18).  Plaintiff filed an order to show cause for vacation of an arbitration award pursuant to 9 U.S.C. § 10(a) with its Complaint.  (D.E. Nos. 1-1, 1-2, & 1-3).  Accordingly, on November 22, 2022, Defendants filed a joint cross-motion to dismiss Plaintiff's Complaint and opposition to Plaintiff's order to show cause.  (D.E. No. 13).  However, on December 20, 2022, before Plaintiff responded, the Court held a telephone conference to address the propriety of using an order to show cause as a vehicle for requesting vacatur of an arbitration award.  (D.E. No. 17).  At the conference, Plaintiff agreed to withdraw its order to show cause.  (D.E. No. 18).  On January 19, 2023, Plaintiff opposed Defendants' cross-motion to dismiss (D.E. No. 19) and on February 24, 2023, Defendants filed a reply.  (D.E. No. 22).

Thereafter, the Court issued a letter order denying Defendants' cross-motion to dismiss for procedural deficiencies.  (D.E. No. 23).  Specifically, the Court noted that in seeking to vacate the arbitration award entered by MCMC, "Plaintiff should have proceeded by filing either (i) a petition to vacate the arbitration award in lieu of a complaint, or (ii) a complaint followed by a motion to vacate the arbitration award."  (*Id.*¶ 5).  Instead, Plaintiff filed a Complaint and order to show cause, which it later withdrew.  However, though the parties agreed to proceed on Defendants' cross-motion to dismiss notwithstanding Plaintiff's improper filing, Defendants failed to include in their cross-motion a basis under the Federal Rules of Civil Procedure for dismissing the Complaint.  (*Id.*¶ 6).  Accordingly, the Court denied Defendants' motion without prejudice and granted Defendants leave to re-file their motion to dismiss providing a basis under the Federal Rules of Civil Procedure for dismissal.  (*Id.* at 3).  On June 16, 2023, Defendants did just that.  (D.E. No. 26).  The motion is fully briefed.  (*See* D.E. No. 26-1 ("Mov. Br."); D.E. No. 27 ("Opp. Br."); D.E. No. 28 ("Reply")).  On September 26, 2023, Defendants filed a notice of supplemental authority directing the Court to a recent decision in the District of New Jersey.  (D.E. No. 29

(directing the Court to *GPS of New Jersey M.D., P.C. A/S/O/T.U. v. Horizon Blue Cross Blue Shield*, No. 22-6614, 2023 WL 5815821, at *1 (D.N.J. Sept. 8, 2023)).

In their moving brief, Defendants first argue that Plaintiff's Complaint should be dismissed because "there is no legally cognizable claim or cause of action that can vacate an award under the [Federal Arbitration Act]." (Mov. Br. at 11). Specifically, Defendants point to case law from the Eleventh Circuit and the Southern District of New York in support of the proposition that "[c]ourts may dismiss or strike an improperly filed complaint that seeks to vacate an arbitration" and "a complaint seeking to vacate an arbitration award fails to state a claim as a matter of law under Federal Rule of Civil Procedure 12(b)(6)." (*Id.* at 10–11 (first citing *Kruse v. Sands Bros. & Co., Ltd, et al.*, 226 F. Supp. 2d 484, 486–87 (S.D.N.Y. 2002) and then citing *O.R. Sec., Inc. v. Pro. Plan. Assoc., Inc.*, 857 F.2d 742, 745 (11th Cir. 1988)). Second, Defendants argue that the Court may choose to construe Plaintiff's Complaint as a petition or motion to vacate an arbitration award, and, if it does so, the Court should deny Plaintiff's request because (i) Plaintiff identifies only errors of fact and law which are not grounds for vacating an arbitration award and (ii) even if the Court could consider such factual and legal errors in vacating an arbitration award, Plaintiff has failed to show that the arbitrator made any mistakes. (*Id.* at 11–19).

As an initial matter, Plaintiff does not respond to any of Defendants' procedural arguments. (*See generally*, Opp. Br.). Accordingly, Plaintiff has waived any argument regarding the proper procedural posture under which the Court should be considering its Complaint. *See Market v. PNC Fin. Servs. Grp.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the contested issue."). As the Court has already noted, it was procedurally improper for Plaintiff to proceed by way of a complaint and

order to show cause in seeking to vacate the arbitration award entered by MCMC. (D.E. No. 23 ¶¶ 5–6); *see O.R. Sec. Inc.*, 857 F.2d at 745 ("The statutes and rules do not permit a party to initiate a challenge to an arbitration award by filing a complaint . . . .") (quoting *Interior Finish Cont. Assoc. of Delware Valley v. Dryway Finishers Loc. Union No. 1955*, 625 F. Supp. 1233, 1240 (E.D. Pa. 1985)). Instead, "[t]he proper procedure . . . is for the party seeking to vacate an arbitration award to file a Motion to Vacate in the district court." *O.R. Sec. Inc.*, 856 F.2d at 746; *Kruse*, 226 F. Supp. 2d at 486 ("A request for vacatur must be made in the form of a motion."). Nonetheless, the Third Circuit has indicated that a district court has the discretion to construe a plaintiff's complaint as a motion to vacate the arbitration award. *Oberwager v. McKechnie, Ltd.*, 351 F. App'x 708, 709 n.2 (3d Cir. 2009) (finding that the "[p]laintiffs initiated this action by filing a complaint and subsequently amending that complaint rather than by filing a motion to vacate the arbitration award as is required under the FAA. However, the district court appropriately exercised its discretion to consider the amended complaint as a motion to vacate the arbitration award[.]") (citing *O.R. Sec. Inc.*, 857 F.2d at 745). The Court will do so here and will "proceed as if Plaintiff[] had initiated this action as a motion to vacate." *Id.*

**II.    LEGAL STANDARD**

The No Surprises Act provides that an arbitration decision issued by a certified IDR entity "shall not be subject to judicial review, except in a case described in any of paragraphs (1) through (4) of section 10(a) of Title 9." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II). Section 10(a) allows a federal district court to vacate an arbitration award upon the application of any party under the following instances:

> (1) where the award was procured by corruption, fraud, or undue means;

5

> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4).  However, "[t]he ability of a court to vacate an arbitration award is extremely limited." *Jones v. PPG Indus., Inc.*, 393 F. App'x. 869, 870 (3d Cir. 2010).  This is because "[t]here is a strong presumption under the [FAA] in favor of enforcing arbitration awards." *Brentwood Med. Assocs. v. United Mine Workers of Am.*, 396 F.3d 237, 241 (3d Cir. 2005) (citation omitted).

"[R]eview under § 10 focuses on misconduct rather than mistake." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350–51 (2011).  In order to vacate an arbitration award, the opposing party "must clear a high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010).  "It is not enough for petitioners to show that the panel committed an error—or even a serious error." *Id*. (citations omitted).  This is because "[a] court does not review the award to ascertain whether the arbitrator has applied the correct principles of law." *News Am. Publ'n, Inc. Daily Racing Form Div. v. Newark Typographical Union, Loc. 103*, 918 F.2d 21, 23 (3d Cir. 1990).  Similarly, "[a]n arbitral award may not be overturned for factual error." *Id*.  Indeed, a court "may not overrule an arbitrator simply because [it] disagree[s]." *Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account*, 618 F.3d 277, 295 (3d Cir. 2010) (quoting *United Transp. Union Loc. 1589 v. Suburban Transit Corp.*, 51 F.3d 376, 379 (3d Cir. 1995)).  Rather, an arbitration decision may be vacated where an arbitrator "decides an issue not submitted to him,

6

grants relief in a form that cannot be rationally derived from the parties' agreement and submissions, or issues an award that is so completely irrational that it lacks support altogether." *Sutter v. Oxford Health Plans LLC*, 675 F.3d 215, 219–20 (3d Cir. 2012) (citations omitted). "There must be absolutely no support at all in the record justifying the arbitrator's determinations for a court to deny enforcement of an award." *Ario*, 618 F.3d at 295–96 (quoting *United Transp. Union Loc. 1589*, 51 F.3d at 379).

Generally, once an arbitrator renders a decision, "it becomes *functus officio* and lacks any power to reexamine that decision." *Colonial Penn Ins. Co. v. Omaha Indem. Co.*, 943 F.2d 327, 331 (3d Cir. 1991). "[A] remand that allows the arbitrators to reeaxmine their decision on the merits is not permissible." *Id.* at 334. However, "[w]hen the remedy awarded by the arbitrator is ambiguous, a remand for clarification of the intended meaning of an arbitration award is appropriate." *Id.* at 333–34. Remand, however, is a disfavored procedure. *See, e.g., Washington-Baltimore Newspaper Guild, Loc. 35 v. Washington Post Co.*, 442 F.2d 1234, 1238 (D.C. Cir. 1971) (noting potential for remand to "undercut the finality and therefore the entire usefulness of arbitration as an expeditious and generally fair method of settling disputes").

**III.    DISCUSSION**

Here, Plaintiff argues that it is entitled to vacatur of MCMC's arbitration award pursuant to 9 U.S.C. §§ 10(a)(3) and 10(a)(4). (*See* Compl. ¶ 14; Opp. Br. at 5). Specifically, Plaintiff argues that (i) "[t]he award in question [] represents prejudicial misbehavior" under subsection (a)(3), as well as (ii) "such an imperfect execution of the arbitrator's powers that a mutual, final, and definite award upon the subject matter submitted was not made" under subsection (a)(4). (Opp. Br. at 5). In its Complaint, Plaintiff proffers as support that MCMC (i) "failed to address multiple required elements" in making its decision, (ii) "inappropriately applied a presumption to

7

the" qualifying payment amount,[2] (iii) "made materi[a]l errors in his or her description of the medical services performed," and (iv) "failed to provide a copy of Defendant(s) arbitration papers upon request." (Compl. ¶¶ 15–18). However, in opposing Defendants' motion, Plaintiff limits its argument to point (i)—that MCMC failed to address factors it was required to consider, and that "the arbitrator's failure to consider the relevant factors . . . warrants vacatur and remand of the award." (Opp. Br. at 6–9). Accordingly, the Court limits its review to whether MCMC's alleged failure to consider all required factors in making its arbitration decision constitutes a sufficient basis for vacating the arbitration award and remanding this matter back to MCMC.[3] For the following reasons, the Court finds that Plaintiff has not provided a sufficient basis for vacating MCMC's arbitration award or remanding this matter back to MCMC. Accordingly, the Court will **DENY** Plaintiff's request to vacate the arbitration award and **DISMISS** Plaintiff's Complaint *with prejudice*.

The No Surprises Act provides that "[i]n determining which offer is the payment to be applied pursuant to this paragraph, the certified IDR entity . . . *shall* consider" the qualifying payment amount, 42 U.S.C. § 300gg-111(c)(5)(C)(i)(emphasis added), and additional factors including:

---

[2] The qualifying payment amount is defined as "the median of the contracted rates recognized by the plan or issuer, respectively . . . as the total maximum payment . . . for the same or a similar item or service that is provided by a provider in the same or similar specialty and provided in the geographic region in which the item or service is furnished[.]" 42 U.S.C. § 300gg-111(a)(3)(E)(i)(I); (Mov. Br. at 6).

[3] Nonetheless, the Court notes that it agrees with Defendants that the additional bases provided in Plaintiff's Complaint, including that MCMC (i) inappropriately applied a presumption to the qualifying payment amount, (ii) made material errors in its description of the medical services performed, and (iii) failed to provide a copy of Defendants' arbitration papers to Plaintiff, are not sufficient to support vacatur of the arbitration award, as they amount to legal and factual errors and not misconduct by MCMC. *See Sutter*, 675 F.3d at 219 ("We do not entertain claims that an arbitrator has made factual or legal errors."); *Metromedia Energy, Inc. v. Enserch Energy Serv., Inc.*, 409 F.3d 574, 578 ("Vacatur is appropriate only in exceedingly narrow circumstances, such as where arbitrators are partial or corrupt, or where an arbitration panel manifestly disregards, rather than merely erroneously interprets, the law. . . . Likewise, an arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award." (quotations and citations omitted)).

> (I) The level of training, experience, and quality and outcomes measurements of the provider or facility that furnished such item or service . . . .
>
> (II) The market share held by the nonparticipating provider or facility or that of the plan or issuer in the geographic region in which the item or service was provided.
>
> (III) The acuity of the individual receiving such item or service or the complexity of furnishing such item or service to such individual.
>
> (IV) The teaching status, case mix, and scope of services of the nonparticipating facility that furnished such item or service.
>
> (V) Demonstrations of good faith efforts (or lack of good faith efforts) made by the nonparticipating provider or nonparticipating facility or the plan or issuer to enter into network agreements and, if applicable, contracted rates between the provider or facility, as applicable, and the plan or issuer, as applicable, during the previous 4 plan years.

*Id*. § 300gg-111(c)(5)(C)(ii). Plaintiff additionally points to guidance issued by the Department of Health and Human Services on IDR under the No Surprises Act which provides that "[i]n determining which offer to select, the certified IDR entity must consider…[a]dditional credible information relating to the offer submitted by the parties" including the above factors. (Opp. Br. at 6; D.E. No. 27-2 § 6.2). According to Plaintiff, MCMC only considered the first factor—the experience or level of training of the provider—and its failure to consider each of the other factors entitles Plaintiff to vacatur of the arbitration award. (Opp. Br. at 8). The Court disagrees.

*First*, as argued by Defendants (Mov. Br. at 14), MCMC specifically considered at least two factors in addition to the experience or training of the provider—the complexity of furnishing the service to the patient, and the qualifying payment amount. (*See* Arb. Dec. at 1 ("This dispute involves a complex laceration code repair. . . . Although the laceration was repaired by a plastic surgeon, its description is consistent with lacerations that are routinely repaired by emergency room physicians. . . . The records do not document additional complexity."; *see also id*. (choosing

Defendants' proposed amount); Mov. Br. at 18 ("[Defendants'] offer was the [qualifying payment amount], which equated to the median in-network rate.")).

*Second*, just because MCMC failed to specifically discuss the other three factors in its decision does not mean it failed to consider those factors. The Court is not persuaded by Plaintiff's argument that "[i]t defies logic and common sense to presume that the arbitrator considered all the relevant CMS factors, yet kept four out of five a secret[.]" (Opp. Br. at 8). "[A]rbitrators are not required to provide an explanation for their decision." *Wallace v. Buttar*, 378 F.3d 182, 190 (2d Cir. 2004) (quoting *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F. 9, 12 (2d Cir. 1997)). It follows that an arbitrator is not obliged to specifically address the impact of each factor it considers. Further, "an 'award is presumed valid unless it is affirmatively shown to be otherwise.'" *Lerner v. Citigroup*, 838 F. App'x 682, 686 (3d Cir. 2020) (quoting *Brentwood Med. Assocs.*, 396 F. 3d at 241).[4] And Plaintiff has not alleged facts to support its conclusory allegation that MCMC "only considered the first 'level of training' factor and simply disregarded the remaining factors." (Opp. Br. at 8). Accordingly, the Court does not presume that MCMC failed to consider all of the factors, even if MCMC only specifically addressed some of them in its decision.

*Third*, even if MCMC was required to consider all five factors and failed to do so, the Court agrees with Defendants that this still does not rise to the level required for the Court to vacate the

---

[4] The Court is also persuaded on this point by the recent decision in the District of New Jersey by the Honorable Judge Kevin McNulty, United States District Judge, to which Defendants directed the Court. (*See* D.E. No. 29); *GPS of New Jersey*, 2023 WL 5815821, at *1. In that case, Judge McNulty specifically considered the argument that the arbitrator had failed to issue a reasoned decision explaining which factors it had considered and the weight it gave to each factor. *GPS of New Jersey*, 2023 WL 5815821, at *6–7. He determined that the arbitration decision before him was issued between an interim administrative rule that did not require a reasoned decision by the arbitrator and a new rule, with effective date on October 25, 2022, which did require a reasoned decision. *Id*. at *6. Because the new rule was not effective at the time the arbitration decision was issued, Judge McNulty applied the general principle of arbitration law that an arbitrator is not obliged to provide their reasons for an award. *Id*. So too here, the arbitration decision was issued on June 10, 2022 (Compl. ¶ 8; Arb. Dec.), and the Court will apply the same general principles of arbitration law.

arbitration award.[5] A failure to consider required factors amounts to a mistake of law, which the Court is not at liberty to review. *See Wallace*, 378 F.3d at 190 ("A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law. On the contrary, the award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." (quotations, citations, and emphasis omitted)); *see also Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 586 (2008) (distinguishing the "specific instances of outrageous conduct" provided for in 9 U.S.C. §§ 10 & 11 as bases for review of arbitration awards from "just any legal error").[6] Rather, to be entitled to vacatur Plaintiff must demonstrate that the arbitrator's actions amounted to misconduct so egregious as to constitute prejudicial misbehavior, or such an imperfect execution of the arbitrator's powers that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a) 3–4; *Hall Street*, 552 U.S. at 586 (describing the bases in 9 U.S.C. §§ 10 & 11 as "egregious departures from the parties' agreed-upon arbitration" and "extreme arbitral

---

[5] The Court notes that the plain language of the statute—which provides that "[i]n determining which offer is the payment to be applied pursuant to this paragraph, the certified IDR entity, with respect to the determination for a qualified IDR item or service *shall consider*" the qualified payment amount and the factors listed in 42 U.S.C. 300ggg-111(c)(5)(C)(ii)—supports Plaintiff's position that the arbitrator is required to consider all of the above referenced factors. 42 U.S.C. 300ggg-111(c)(5)(C)(i). This is further supported by *Texas Med. Ass. v. United States Dept. of Health and Human Serv.* 587 F. Supp. 3d 528, 542 (E.D.T.X. Feb. 2022) ("Because 'the word shall usually connotes a requirement,' the Act plainly requires arbitrators to consider all the specified information in determining which offer to select." (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 171 (2016))). However, as already discussed, the Court does not presume that MCMC failed to consider all of the factors, even if MCMC only specifically addressed some of them in its decision.

[6] Prior to the Supreme Court's decision in *Hall Street*, an arbitration award could be vacated if the award evidenced a manifest disregard for the law—as opposed to an erroneous interpretation of the law. *Sabre GLBL, Inc. v. Shan*, 779 F.App'x 843, 850 (3d Cir. 2019). The Third Circuit has not yet ruled on whether a basis remains for vacating an arbitration award where the arbitrator manifestly disregarded the law following the *Hall Street* decision. *Id*. Nonetheless, even if this standard still provided a basis for vacating an arbitration award, Plaintiff has not adequately alleged that this basis would apply here, as it requires a showing that an arbitrator's decision "flies in the face of clearly established legal precedent such as where an arbitrator appreciates the existence of a clearly governing legal principle but decides to ignore or pay no attention to it." *Id*. (citations and quotation marks omitted). Plaintiff does not argue that MCMC's arbitration award should be vacated on this basis, and the facts alleged do not demonstrate that MCMC chose to ignore clear legal precedent.

conduct"). This could include, for example, a showing that the arbitrator's decision was "so completely irrational that it lacks support altogether." *Sutter*, 675 F.3d at 219–20.

As Defendants argue, Plaintiff has not demonstrated that MCMC's decision lacked support altogether—rather, MCMC provided support for its decision, including that "[c]redible information demonstrated the experience or level of training of the provider was not necessary for providing the qualified IDR item or service to the patient," that the laceration's description is consistent with lacerations that are routinely repaired by emergency room physicians, and that "[t]he records do not document additional complexity." (Arb. Dec. at 1). Further, Plaintiff has not provided how MCMC's failure to consider additional factors was "egregious," "outrageous," or "extreme." *Hall Street*, 552 U.S. at 586. Accordingly, the Court finds that Plaintiff has not established that it is entitled to vacatur of the arbitration award under the high standard set by the Federal Arbitration Act, or to the disfavored remedy of remand. *See Washington-Baltimore Newspaper Guild, Loc. 35*, 442 F.2d at 1238. Notwithstanding the procedural deficiencies in Plaintiff's filings, and even construing Plaintiff's Complaint as a petition to vacate the arbitration award, Plaintiff has failed to establish that it is entitled to such relief under either 9 U.S.C. §§ 10(a)(3) or 10(a)(4).

## IV. CONCLUSION

Because Plaintiff has failed to sufficiently demonstrate that it is entitled to vacatur of the arbitration award, Plaintiff's requested relief is **DENIED** and Plaintiff's Complaint is **DISMISSED** *with prejudice*. An appropriate Order accompanies this Opinion.

**Dated**: February 5, 2024

　　　　　　　　　　　　　　　　　　　　　／s／_____
　　　　　　　　　　　　　　　　　　　　　**Hon. Esther Salas, U.S.D.J.**

13